IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. BERGO, as CHAIRMAN and KARL BIK as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE CEMENT MASONS HEALTH AND WELFARE FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NEWCON CONCRETE CONSTRUCTION, INC.,<br><br>　　　　　Defendant. | No. C 05-05425 CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

This is an ERISA action for delinquent contributions to a trust fund. Now before the Court is plaintiffs' motion for default judgment. Defendant has not answered the complaint, has not responded to plaintiffs' motion, and has not otherwise communicated with the Court. After carefully considering the papers filed by plaintiff, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion for default judgment.

## BACKGROUND

**A.   Procedural History**

Plaintiffs filed this ERISA action to recover delinquent contributions for October

through December 2004 and February through April 2005. Plaintiff also seeks liquidated damages and interest for those delinquent contributions as well as for late payments made beginning in May 2003. Defendant was served with the complaint, but it has failed to answer or otherwise communicate with the Court. Default was entered on March 16, 2006. Plaintiffs now move for entry of default judgment.

**B.    The Evidence In The Record**

Defendant agreed to abide by the terms of the Cement Masons Master Agreement and related trust fund agreements for contributions, interest, liquidated damages, costs and attorneys' fees caused by breach of its obligations for payment of employer contributions. The Trust Agreements require defendant to pay contributions to the plaintiffs on behalf of covered workers by a date certain the following month. A contribution is considered delinquent unless the plaintiffs receive the contribution by that date.

The Trust Agreements provide further that the defendant shall pay interest at the rate of one and half percent (1.5%) per month until receipt of payment, and liquidated damages at the flat rate of $150 per month "to reflect the internal administrative costs incurred by the trust administrators in monitoring and tracking such late contributions." Hagan Declaration, Exh. A, ¶ 4.

Plaintiffs' evidence establishes that defendant has failed to make contributions totaling $165,865.27 for the months of October through December 2004, and February through April 2005. Defendant also made late payments for the months of May 2003 through September 2004 and January 2005.

**DISCUSSION**

ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys' fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an

2

award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit is filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

As the allegations of the complaint are accepted as true, and as the evidence establishes that defendant owes plaintiffs a sum certain, plaintiffs' motion for a default judgment is GRANTED as explained below.

Plaintiffs are awarded $165,865.27 for unpaid contributions for the months of October through December 2004 and February through April 2005. 29 U.S.C. § 1132(g)(2)(A). They are awarded interest of $40,244.46 on these unpaid amounts. 29 U.S.C. § 1132(g)(2)(B). Although the Trust agreements provide for a flat fee liquidated damages amount of $150 per month, ERISA provides for liquidated damages in an amount equal to the greater of the interest on the unpaid contributions or the liquidated damages provided for in the parties' agreement, provided such damages do not exceed 20 percent of the unpaid contributions. Id. § 1132(g)(2)(C). The 20 percent limitation applies only to contractual liquidated damages. Id. As the interest owed is greater than the flat fee liquidated damages, plaintiffs are awarded $40,244.46 in liquidated damages on the unpaid contributions.

Plaintiffs are also awarded $38,873.59 in interest on the late payments made before this lawsuit was filed, that is, late payments for the months of May 2003 through September 2004, and January 2005. They are also awarded their contractual liquidated damages of $150 per month on these late payments in the total amount of $2,550.00. They cannot recover the statutory liquidated damages because these amounts were paid before the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d at 215.

Finally, plaintiffs are awarded $923.87 in costs and $6,626.25 in attorneys' fees.

The Court will further issue an injunction compelling defendant to submit to an audit of its financial records from January 2002 to the present to determine the full amount of employer contributions. See Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 571-72 & n. 12 (1985).

3

**CONCLUSION**

Plaintiffs' motion for a default judgment is GRANTED in the total amount of $295,327.90. Defendant is ordered to submit to an audit of its financial records from January 2002 to the present within 10 days of a written demand from plaintiffs.

**IT IS SO ORDERED.**

Dated: July 21, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE